UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____

MANUEL FANA,

               Plaintiff,                            AMENDED COMPLAINT

  -against-                                          15-CV-8114 (PGG)

THE CITY OF NEW YORK, DET. DUSTIN GENCO,
Shield no. 6504, Individually and in his Official Capacity,
P.O. THOMAS DEMKIW, Shield No. 4600, Individually      JURY TRIAL DEMANDED
And in his Official Capacity, SGT. SEAN LYNCH, Shield
No. 4339, Individually and in his Official Capacity,
DET. ALEJANDRO OLAN, Shield No. 430, Individually
And in his Official Capacity, and POLICE OFFICERS
"JOHN DOE" 1-3, Individually and in their Official
Capacities, the names "JOHN DOE" being fictitious
As the true names are not presently known,

               Defendants.
_____

      Plaintiff, MANUEL FANA, by and through his attorneys, CHARLES A. ROSS & ASSOCIATES, as and for his Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MANUEL FANA, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Corrections Department, a duly authorized public authority and/or corrections department, authorized to perform all functions of a corrections department as per the applicable sections of New York Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

10. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

**The March 6, 2014 Incident**

14. On or about March 6, 2014, at approximately 6:00 p.m., plaintiff MANUEL FANA, was lawfully driving on Babsobel Place near its intersection with Undercliff Avenue in Bronx County in the State of New Yok.

15. At that time and place, the defendant officers, including DETECTIVE DUSTIN GENCO, pulled plaintiff over and ordered all occupants out of the vehicle.

16. Plaintiff complied with the officers' command, exited the vehicle, and was immediately handcuffed with his arms secured tightly behind his back.

17. Plaintiff was then ordered to the ground, and plaintiff again complied.

18. Defendant officers then began to search plaintiff's vehicle, uncovering no evidence of illegal or unlawful activity.

19. Shortly thereafter, defendant DETECTIVE DUSTIN GENCO approached plaintiff and stomped and kicked him in and around his right knee approximately five times, repeatedly demanding to know "where the drugs are."

20. As a result, plaintiff suffered, *inter alia*, a torn anterior cruciate ligament and meniscus in his right knee.

21. The force employed by the defendant was objectively unreasonable and was not privileged in any way.

22. Several NYPD officers were present during the above described encounter, and all failed to take reasonably available steps to prevent the physical assault on plaintiff.

23. Plaintiff was subsequently processed, arraigned, and taken into custody when he could not make bail.

24. Plaintiff was then transferred to Riker's Island which is maintained by the New York City Department of Corrections.

25. While in custody, plaintiff repeatedly requested medical attention related to the injuries to his right knee.

26. Despite their knowledge that plaintiff required medical attention, the named CORRECTIONS OFFICERS refused and otherwise failed to provide proper and reasonably available medical treatment.

27. As a result of the foregoing, plaintiff MANUEL FANA sustained, *inter alia*, physical injury requiring surgical repair, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**The July 18, 2014 Incident**

28.     On or about July 18, 2014, at approximately 4:15 p.m., plaintiff MANUEL FANA, was lawfully present in the vicinity of Aqueduct Avenue and West 182nd Street in Bronx County in the State of New York.

29.     At that time and place, plaintiff came upon defendant officers, including PO THOMAS DEMIKIW, SGT. SEAN LYNCH, AND DET. ALEJANDRO OLAN, placing three individuals under arrest, apparently after a traffic stop.

30.     Plaintiff began to film the arrests on his cellular telephone.

31.     Plaintiff was ordered to move behind a fence and plaintiff complied.

32.     At no time did plaintiff present any threat to any officer or individual at the scene.

33.     AT no time on or about July 18, 2014 did plaintiff commit any crime or violation of law.

34.     At no time on or about July 18, 2014 did defendants possess probable cause to arrest plaintiff.

35.     At no time on or about July 18, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

36.     Nevertheless, defendants thereafter approached plaintiff, placed him in handcuffs, and transported him to a nearby precinct.

37.     Plaintiff was thereafter held for approximately thirty hours before being presented before a judicial officer who ordered plaintiff released on his own recognizance.

38.     In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

39. As a result of the defendants' conduct, the plaintiff, MANUEL FANA, was charged with Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

40. Despite defendants' actions, after making approximately three court appearances, the proceedings against plaintiff were dismissed on December 8, 2014.

41. As a result of the foregoing, plaintiff MANUEL FANA sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

42. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiff, MANUEL FANA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the united States of America, and were therefore in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK the New York City Police Department, and the New York City Department of Corrections, all under the supervision of ranking officers of said departments.

46. Defendants, collectively and individual, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF
## FOR FALSE ARREST UNDER 42 U.S.C. § 1983
## RELATED TO THE JULY 18, 2014 INCIDENT

47. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

49. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983
## RELATED TO THE JULY 18, 2014 INCIDENT

50. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. Plaintiff was arrested in the absence of probable cause or privilege for engaging in speech protected by the First Amendment of the Constitution of the United States.

52. Defendants' actions, as described above, effectively chilled the exercise of plaintiff's Constitutionally protected right to free speech.

53.     As a result of the foregoing, plaintiffs' liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 RELATED TO THE JULY 18, 2014 INCIDENT

54.     Plaintiff MANUEL FANA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

56.     Defendants did not make a complete and full statement of facts to the District Attorney.

57.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

58.     Defendants withheld exculpatory evidence from the District Attorney

59.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

60.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

61.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

62.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

63.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

64. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

65. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 RELATED TO THE MARCH 6, 2014 INCIDENT

66. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

67. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

68. As a result of the foregoing, plaintiff, MANUEL FANA, suffered physical injuries requiring surgical intervention, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983 RELATED TO THE MARCH 6, 2014 AND JULY 18, 2014 INCIDENTS

69. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

71. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

72. As a result of the foregoing, plaintiff, MANUEL FANA, suffered deprivation of his liberty, physical injury requiring surgical intervention, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983 RELATED TO THE MARCH 6, 2014 INCIDENT

73. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and eery allegation set forth above with the same force and effect as if fully set forth herein.

74. Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

75. Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

76. As a result of the foregoing, plaintiff, MANUEL FANA, suffered exacerbation of his physical injuries as described above, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### SEVENTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

77. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78. Defendants arrested and incarcerated plaintiff, MANUEL FANA, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

79. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

81. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution;

   v. utilizing excessive force against arrestees and detainees.

82. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

  iii. falsifying evidence and testimony to support those arrests;

  iv. falsifying evidence and testimony to cover up police misconduct;

  v. physical abuse against arrestees and detainees in the custody of the CITY OF NEW YORK

  83. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, MANUEL FANA.

  84. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

  85. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

  86. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

  87. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

  88. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

89. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

90. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

91. Within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e)

92. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law 50-h related to the March 6, 2014 incident.

94. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

95. Plaintiff has complied with all conditions precedent to maintaining the instant action.

96. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## EIGHTH CLAIM FOR RELIEF FOR
## ASSAULT AND BATTERY UNDER NEW YORK LAW
## RELATED TO THE MARCH 6, 2014 INCIDENT

97. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

98. At the aforesaid place and time, the individually named defendants did cause plaintiff, MANUEL FANA, to be unlawfully assaulted and battered, without cause or provocation.

99. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

100. As a result of the aforesaid assault and battery, plaintiff, MANUEL FANA, was injured, both physically and mentally.

## NINTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW
## RELATED TO THE JULY 18, 2014 INCIDENT

101. Plaintiff, MANUEL FANA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

102. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

103. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

104. As a result of the foregoing, plaintiff, MANUEL FANA, was caused to sustain physical and emotional injuries.

## TENTH CLAIM FOR RELIEF UNDER NEW YORK LAW
## FOR MALICIOUS PROSECUTION

## **RELATED TO THE JULY 18, 2014 INCIDENT**

105. Plaintiff MANUEL FANA repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

106. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

107. Defendants did not make a complete and full statement of facts to the District Attorney.

108. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

109. Defendants withheld exculpatory evidence from the District Attorney

110. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

111. Defendants acted with malice in initiating criminal proceedings against plaintiff.

112. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

113. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

114. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

115. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

116. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### ELEVENTH CLAIM FOR RELIEF UNDER NEW YORK LAW NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION RELATED TO THE MARCH 6, 2014 and JULY 18, 2014 INCIDENTS

117. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

118. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

119. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Corrections and Police Departments including the defendants individually named above.

120. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

   i.   an order awarding compensatory damages in an amount to be determined at trial;

   ii.  an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. 1988; and

   iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       October 6, 2016

                                            Respectfully Submitted,

                                            Charles A. Ross & Associates
                                            *Counsel for the Plaintiff*

*By:*    _____
                                            MATTHEW SHROYER (MS-6041)
                                            111 Broadway, Suite 1401
                                            New York, New York 10006
                                            (212) 616-3045
                                            mshroyer@charlesrosslaw.com